UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEVIN ALEXANDER ROSENBLUM,<br><br>Defendant. | 3:23-CR-30010-RAL<br><br><br>OPINION AND ORDER DENYING MOTION FOR REDUCTION IN SENTENCE |

On July 31, 2023, this Court sentenced Defendant Devin Alexander Rosenblum to 24 months of imprisonment for prohibited person in possession of firearm. Doc. 33. At the time of the sentencing, Rosenblum was in Criminal History Category V with a guideline range of 30 to 37 months. Doc. 28.

Rosenblum filed a motion for reduction in sentence, Doc. 40, suggesting that retroactive changes to the sentencing guidelines might entitle him to a lower sentence. The United States responded in opposition to Rosenblum's request for a sentence reduction. Doc. 42.

In Dillon v. United States, 560 U.S. 817 (2010), the Supreme Court of the United States addressed the process for applying a retroactive guideline amendment, emphasizing that U.S.S.G. § 1B1.10 is binding. The Supreme Court required any "reduction [to] be consistent with applicable policy statements issued by the Sentencing Commission" and directed district courts to follow a two-step approach. Id. at 821. In the first step, a court must determine the inmate's eligibility for a modification and then determine the amended guidelines range. Id. At step two, § 3582(c)(2)

instructs courts to consider applicable 18 U.S.C. § 3553 factors to determine whether the authorized reduction is warranted in whole or in part under the specific circumstances of the case. Id. at 827. The Supreme Court also observed:

> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution.

Id. at 821 (quoting U.S.S.G. § 1B1.10(b)(2)(A)).

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points or fewer receives no status points. On August 24, 2023, the Commission decided that this change applies retroactively. See § 1B1.10(e)(2) (Nov. 1, 2023).

Consistent with the amended U.S.S.G. § 4A1.1(e) and the rules set forth in Dillon, Rosenblum had 9 criminal history points before the addition of 2 "status points." Doc. 28. Retroactive application of Part A of Amendment 821 results in Rosenblum getting 1 status point instead of 2, and thus lowers his total criminal history points to ten. But that still leaves Rosenblum in Criminal History Category V where the guideline range remains 30 to 37 months. See U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

Rosenblum similarly is not eligible for a sentence reduction under Part B of Amendment 821. In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission, effective November 1, 2023, added what now appears in §4A1.1(c), providing a 2-offense-level reduction for certain offenders who have no criminal history points. The new provision states:

> §4C1.1. Adjustment for Certain Zero-Point Offenders
> (a) ADJUSTMENT.—If the defendant meets all of the following criteria:
>   (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>   (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>   (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>   (4) the offense did not result in death or serious bodily injury;
>   (5) the instant offense of conviction is not a sex offense;
>   (6) the defendant did not personally cause substantial financial hardship;
>   (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>   (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
>   (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
>   (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

On August 24, 2023, the Sentencing Commission determined that this change would apply retroactively. See § 1B1.10(e)(2) (Nov. 1, 2023).

Rosenblum fails to meet the criteria for such a sentence reduction. Eligibility for a sentence reduction for zero-point offenders requires a person to have arrived at sentencing with zero criminal history points. Rosenblum had 9 criminal history points prior to the addition of 1 status point. Doc. 40. Thus, he does not qualify for a reduction under U.S.S.G. § 4C1.1. Therefore, it is

ORDERED that Rosenblum's request for sentence reduction, Doc. 40, is denied.

DATED this 11th day of July, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE